IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KENNETH HARRIS,** | **:** CIVIL ACTION NO. 1:05-CV-2284 |
| **Plaintiff** | : (Judge Conner) |
| v. | : |
| **MR. HOGAN, MS KIM HOLT,** | : |
| **Defendants** | : |

# MEMORANDUM

Kenneth Harris ("Harris"), an inmate detained at the York County Prison, filed the instant 42 U.S.C. § 1983 complaint on November 2, 2005. (Doc. 1). The complaint was then supplemented. (Docs. 4, 11, 21). For the following reasons, the action will be dismissed.

Under 28 U.S.C. §1915(e), the court is obligated to engage in a screening process when a prisoner wishes to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Specifically, §1915(e)(2) states, in pertinent part, as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal [ ] fails to state a claim on which relief may be granted.

In considering the complaint under this provision, the Court is guided by Federal Rule of Civil Procedure 12(b)(6) which provides for dismissal of a claim that fails to assert a basis upon which relief can be granted. FED. R. CIV. P. 12(b)(6). In the context of a motion to dismiss under Rule 12(b)(6), the court must accept as true all of the factual allegations in the complaint and all reasonable inferences that can be

drawn therefrom. Langford v. City of Atlantic City, 235 F.3d 845, 847 (3d Cir. 2000) (citing Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)). Although the court is generally limited in its review to the facts alleged in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997) (stating that, although "a district court ruling on a motion to dismiss may not [generally] consider matters extraneous to the pleadings[,] . . . a document integral to or explicitly relied upon in the complaint" may be considered "without converting the motion [to dismiss] into one for summary judgment") (quoting Shaw v. Digital Equip. Corp., 82 F.3d 1194, 1224 (1st Cir. 1996)).

The court will not dismiss a complaint for failure to state a claim unless it appears beyond a doubt that "no relief could be granted under any set of facts that could be proved consistent with the allegations." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002). "The complaint will be deemed to have alleged sufficient facts if it adequately put[s] the defendant on notice of the essential elements of the plaintiff's cause of action." Langford, 235 F.3d at 847. The court must grant leave to amend before dismissing a complaint that is merely deficient. See Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).

The complaint has been screened in accordance with the above. For the reasons set forth below, the matter will be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

Under Heck v. Humphrey, 512 U.S. 477 (1994), "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. §2254." Heck, 512 U.S. at 486-487. The district court must determine whether a judgment in favor of the plaintiff would imply invalidity of plaintiff's conviction or sentence. If so, "the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id. See also, Wilkinson v. Dotson, ___ U.S. ___, 125 S.Ct. 1242, 1247-48 (2005).

Harris was initially incarcerated in the state of New Jersey in 1993. He served his time and was released on parole. He was then arrested in the state of Maryland in 2003. While incarcerated in Maryland, he was notified that there was a Pennsylvania detainer lodged against him. It appears that he consented to a transfer to Pennsylvania, prior to completion of his State of Maryland sentence and that he is presently being held in the York County Correctional Facility. He alleges that Pennsylvania authorities are holding him illegally. He seeks release to the

authority of the state of Maryland pursuant to its detainer in order to complete service of his state of Maryland sentence.[1]  (Doc. 1, p. 3).  He also seeks to be compensated for his allegedly unlawful imprisonment.

Assuming all of Harris' claims to be true, Harris cannot, under Heck, maintain a cause of action for unlawful imprisonment until the basis for the imprisonment is rendered invalid.  Accordingly, the complaint will be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).[2]

AND NOW, this 6th day of January 2006, upon consideration of the complaint (Doc. 1) and supplements to the complaint (Docs. 4, 11, 21), it is hereby ORDERED that:

1. The application to proceed *in forma pauperis* (Doc. 13) is GRANTED.

2. The complaint is DISMISSED pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

3. The motion for discovery (Doc. 12) is DENIED as moot.

4. The Clerk of Court is directed to CLOSE this case.

---

[1] He asserts that his Pennsylvania detention actually stems from the state of New Jersey proceedings.  (Doc. 4, p. 2).

[2] Ordinarily, the dismissal would be without prejudice to Harris' right to pursue his claim in a properly filed petition for writ of habeas corpus.  Preiser v. Rodriguez, 411 U.S. 45, 494 (1973); Tedford v. Hepting, 990 F.2d 745, 748 (3d Cir. 1993).  However, since the filing of this action, Harris has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, Harris v. Hilt, Civil No. 1:05-cv-2447, challenging the fact and duration of his confinement.

5. Any appeal from this order is DEEMED frivolous and not in good faith. See 28 U.S.C. § 1915(a)(3).

                                 /s/ Christopher C. Conner  
                                CHRISTOPHER C. CONNER  
                                United States District Judge